```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA     :     CRIMINAL NO. 08/436
                             :
    v.                       :     (Judge Rambo)
                             :
LYNDA DIEU PHAN;             :             FILED
JUSTIN PHAN; AKA THANG PHUOC PHAN, :     HARRISBURG
AKA JUSTIN PHUOC PHAN,       :
AKA THANG PHAN; AND          :         DEC 10 2008
DUC CAO NGUYEN               :
                             :       MARY E. D'ANDREA
                                       Deputy Clerk

## INDICTMENT
### COUNT 1
(Criminal Conspiracy to Commit Forced Labor Trafficking,
Forced Labor, and Marriage Fraud)

**THE GRAND JURY CHARGES THAT:**

Beginning in approximately 2000 and continuing through on or about August 19, 2008, in York County and Dauphin County, Pennsylvania; New York, New York; San Francisco California; Tennessee; and Vietnam, within the Middle District of Pennsylvania and elsewhere, the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN,** and others both known and unknown to the Grand Jury knowingly and willfully conspired and agreed with each other and with individuals known and unknown to the Grand Jury to violate the following laws of the United States:

(1) knowingly forcibly obtaining the labor and services of another and attempting to do so, in violation of Title 18, United States Code, Sections 1589 and 1594;

(2) knowingly trafficking with respect to involuntary servitude and forced labor and attempting to do so, in violation of Title 18, United States Code, Sections 1590 and 1594; and

(3) knowingly entering into marriage for the purpose of evading any provision of immigration law, in violation of Title 8, United States Code, Section 1325(c).

In furtherance of the conspiracy and to effect the objects of the conspiracy, the co-conspirators took the following overt acts, among others:

(1) The defendant, **LYNDA DIEU PHAN**, traveled to Vietnam and recruited victims "A.V." and "T.V." to work in her business;

(2) On August 6, 2004, under the auspices of the defendant, **LYNDA DIEU PHAN**, "A.V." entered the United States through JFK International Airport in New York, NY. On September 22, 2004, the defendant, **JUSTIN PHAN**, entered into a "sham" marriage with "A.V.";

(3) Between approximately August, 2004, and June 1, 2008, the defendant, **LYNDA DIEU PHAN**, forced "A.V." to work for her without remuneration;

(4) On or about March 15, 2005, under the auspices of the defendant, **LYNDA DIEU PHAN**, "T.V." entered the United States through San Francisco, California. On August 3, 2005, the defendant, **DUC CAO NGUYEN**, entered into a "sham" marriage with "T.V."; and

(5) Between approximately May, 2005, and August 8, 2008, the defendant, **LYNDA DIEU PHAN,** forced "T.V." to work for her without remuneration.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## (Forced Labor)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately 2000 and continuing through on or about August 19, 2008, in York County and Dauphin County, Pennsylvania; New York, New York; San Francisco, California; Tennessee; and Vietnam, within the Middle District of Pennsylvania and elsewhere, the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN,** aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly provide and obtain the labor and services of others by threats of serious harm to, and physical restraint against, that person or another person; by means of a scheme, plan, and pattern intended to cause the person to believe that, if the person did not perform such labor and services, that person or another person would suffer serious harm or physical restraint; and by means of the abuse and threatened abuse of the law and the legal process, and did attempt to do so.

All in violation of Title 18, United States Code, Sections 1589, 1594 and Section 2.

## COUNT 3
### (Trafficking with Respect to Forced Labor)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately 2000 and continuing through on or about August 19, 2008, in York County and Dauphin County, Pennsylvania; New York, New York; San Francisco, California, Tennessee, and Vietnam, within the Middle District of Pennsylvania and elsewhere, the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN,** aided and abetted by each other and by others known and unknown to the Grand Jury, knowingly recruited, harbored, transported, provided, and obtained by any means, persons for labor and services in violation of the laws of the United States and did attempt to do so.

All in violation of Title 18, United States Code, Sections 1590, 1594 and Section 2.

## COUNT 4
## (Marriage Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately 2000 and continuing through on or about August 19, 2008, in York County and Dauphin County, Pennsylvania; New York, New York; San Francisco, California; Tennessee; and Vietnam, within the Middle District of Pennsylvania and elsewhere, the defendant, **JUSTIN PHAN,** aided and abetted by **LYNDA DIEU PHAN,** and by others known and unknown to the Grand Jury, knowingly entered into a marriage with "A.V." for the purpose of evading provisions of the immigration law, said marriage occurring on or about September 22, 2004.

All in violation of Title 8, United States Code, Section 1325(c) and Section 2.

## COUNT 5
## (Marriage Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately 2000 and continuing through on or about August 19, 2008, in York County and Dauphin County, Pennsylvania; New York, New York; San Francisco, California; Tennessee; and Vietnam, within the Middle District of Pennsylvania and elsewhere, the defendant, **DUC CAO NGUYEN**, aided and abetted by **LYNDA DIEU PHAN**, and by others known and unknown to the Grand Jury, knowingly entered into a marriage with "T.V." for the purpose of evading provisions of the immigration law, said marriage occurring on or about August 3, 2005.

All in violation of Title 8, United States Code, Section 1325(c) and Section 2.

COUNT 6
(Forfeiture)

THE GRAND JURY FURTHER CHARGES THAT:

In committing the felony offenses charged in Counts 1 through 3 of the Indictment, which counts are re-alleged and incorporated by reference, the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN**, derived the below described property which was used and intended to be used to commit and to facilitate the commission of Counts 1 through 3 of the Indictment and was derived from proceeds that the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN**, derived directly or indirectly as the result of the commission of such offenses, and the property listed below constitutes and is derived from proceeds traceable to the commission of the offenses charged in Counts 1 through 3 of the Indictment by the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN**, and constitutes substitute assets:

(1) U.S. currency in the amount of approximately $134,682 seized from 565 Sandpiper Lane, New Cumberland, Pennsylvania, on August 8, 2008;

(2) Real property located at 565 Sandpiper Lane, New Cumberland, Pennsylvania;

(3) A 2008 black Toyota Highlander automobile, registered to Duc Cao Nguyen.

(4) The contents of TD Bank (formerly Commerce Bank) account number 4163 held in the name of Da Vi Nails; and

(5) The contents of TD Bank (formerly Commerce Bank) account number 9783 held in the names of Lynda and Tony Phan.

By virtue of the commission of the offenses charged in Counts 1 through 3 of the Indictment, by the defendants, **LYNDA DIEU PHAN, JUSTIN PHAN, AND DUC CAO NGUYEN,** any and all right, title and interest the defendants may have had in the above-described property is vested in the United States and is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981 and Section 1594, and 28 United States Code, Section 2461.

In the event that any of the property involved in the offenses alleged in Counts 1 through 3 or traceable to such property, or any other property constituting or derived from proceeds of such offenses, as a result of any act or omission of any of the defendants:

   a) cannot be located upon exercise of due diligence;
   b) has been transferred, sold to, or deposited with a third party;
   c) has been placed beyond the jurisdiction of the Court;
   d) has been substantially diminished in value; or
   e) has been commingled with other property which cannot be divided without difficulty,

the United States demands the forfeiture of other property of the defendants up to the value of the property listed above, pursuant to Title 21, United States Code, Section 853 (p).

A TRUE BILL



Grand Jury Foreperson

*Martin C. Carlson*
MARTIN C. CARLSON by C2G
United States Attorney

Dated: 12-10-2008