IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NOS. 1:CR-08-436-01** |
| : | **1:CR-08-436-02** |
| : | **1:CR-08-436-03** |
| v. : | |
| : | |
| **LYNDA DIEU PHAN** : | |
| **JUSTIN PHAN** : | |
| **DUC CAO NGUYEN** : | |

## **MEMORANDUM AND ORDER**

Before the court is a Motion for a Bill of Particulars filed by Defendant Lynda Dieu Phan and joined in by Defendants Justin Phan and Duc Cao Nguyen. The motion has been fully briefed and is ripe for disposition.

Defendant Lynda Dieu Phan ("Lynda Phan") was indicted on December 10, 2008, and charged with conspiracy to commit forced labor and marriage fraud in violation of 18 U.S.C. § 371 (Count 1), forced labor in violation of 18 U.S.C. § 1589 (Count 2) and trafficking in forced labor in violation of 18 U.S.C. § 1590 (Count 3), and aiding and abetting marriage fraud in violation of 8 U.S.C. § 1325(c) (Counts 4 and 5). Defendant Justin Phan is charged in Counts 1, 2, 3, 4, and 6 and Defendant Duc Cao Nguyen is charged in Counts 1, 2, 3, 5 and 6.

Defendants, among other charges, are accused of criminal conspiracy to commit forced labor trafficking and forced labor. The motion requests the Government to explain how Linda Phan "forcibly obtained labor and services of another;" how Linda Phan "trafficked" with respect to the involuntary servitude and forced labor charge; how Linda Phan forced people to work for her without

remuneration; and to identify the threats of serious harm and physical restraint of victims.

The purpose of a bill of particulars is not to provide wholesale discovery of the Government's evidence. *United States v. Eufrasio*, 935 F.2d 552, 575 (3d Cir. 1991). Nor is the Government required to divulge its trial theory to Defendants. *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936 (1972).

The Government has made available to Defendants the government agents' reports of victims, reports of interviews of some of the Defendants, reports on the execution of search warrants, reports of bank accounts, and applications and affidavits of search warrants of various premises. All of the facts necessary to inform a defendant of the charges against her have been divulged. Furthermore, the indictment in this case is not vague or indefinite.

It appears that Defendants take issue with the evidence supplied by the Government in that the discovery supplied does not enable Defendants to determine how the discovery enables them to defend against the Government's conclusory terms of "involuntary servitude by force" or similar alleged conclusory terms.[1] This is a legal argument and is to be decided after the Government's presentation of its case. Defendants can argue on a motion for judgment of acquittal whether the Government's evidence amounted to involuntary servitude or use of force. For the present, Defendants have all facts that they need to defend this case.

---

[1] These terms are part of the criminal statute and not conclusory on the part of the Government. The statute defines these terms.

**IT IS THEREFORE ORDERED THAT** the Motion for a Bill of Particulars is **DENIED**.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated: February 18, 2009.